9

ORIGIN

**FILED**

DEC - 8 2011

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

D-1 CMAI Industries, LLC (d.b.a. CMAI
North America)

Defendant.

_____/

No.    11-CR-20734

HON. George Steeh

OFFENSE(s): 18 U.S.C. § 542

MAXIMUM PENALTY: Not Applicable

MAXIMUM FINE: $500,000

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

CMAI INDUSTRIES, LLC (D.B.A. CMAI NORTH AMERICA), by and through its authorized

representatives, and the government agree as follows:

1.    **GUILTY PLEA**

    A.    **Count of Conviction**

Defendant will enter a plea of guilty to **Count One** of the Information, which

charges a violation of Title 18, United States Code, Sections 542, entry of goods by

means of false statements.

    B.    **Elements of Offense**

The elements of Count One are:

(1)    First, the goods identified in Attachment A to the Rule 11 Plea Agreement were imported;

(2)    Second, the defendant introduced this merchandise, identified more particularly in Attachment A, into the commerce of the United States;

(3)    Third, the defendant did so by means of a fraudulent declaration, which he/she knew was fraudulent; and,

(4)    Fourth, the statement was material to the introduction of the merchandise in that the United States was deprived of lawful duties embraced or referred to in such declaration.

## C.    Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant's guilty plea: CMAI Industries, LLC (d.b.a. CMAI North America) is an active corporation incorporated in the state of Michigan.  Shiuh-Lung Chiang is the President of CMAI Industries, LLC. and one of the registered agents.  The principal place of business is 15035 Pilot Drive, Plymouth Township, Michigan.

During the timeframe of March 2009 and July 2011, as set forth in Attachment A to the Rule 11 Plea Agreement and as incorporated herein, CMAI INDUSTRIES LLC, d.b.a. CMAI NORTH AMERICA, assisted the entry of commercial vehicle exhaust manifolds manufactured in China into the commerce of the United States by means of fraudulently declaring on CBP Form 3461 that the parts were 'unfinished' by utilizing U.S. Harmonized Tariff Schedule Code 8409.91.1040.

During the above-listed timeframe, CMAI NORTH AMERICA knowingly provided the fraudulent Harmonized Tariff Schedule Code to another business entity who was listed as the Importer of Record on the U.S. Customs entry documents, knowing that the use of such code would allow 305 separate entries totaling $ 51,615,998.00 worth of merchandise to enter into the United States without the payment of any duty to the United States (i.e., duty free). CMAI NORTH AMERICA knew that the correct Harmonized Tariff Schedule Code associated with this merchandise was 8409.91.50.85, and that if that code had been utilized, the United States Government would have been owed a cumulative amount of duty of 2.5% for each entry, or $1,290,399.95 associated with that merchandise.

2.   **SENTENCING GUIDELINES**

A.   **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.   **Agreed Guideline Range**

There are no sentencing guideline disputes. Pursuant to the United States Sentencing Guidelines, Sections 8C2.3, 2T3.1 and 2T4.1(I), the base offense level for the defendant CMAI Industries, LLC (d.b.a. CMAI North America)'s conduct, by and through its agents and employees, is 22.

3.   **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guidelines for corporate defendants, described below.

A.   **Fine**

The parties agree and understand that Chapter 8 of the United States Sentencing Guidelines is applicable to the determination of the appropriate fine in this case, and that pursuant to Section 8C2.3 and 8C2.4, the Court must consider the base offense level of 22  in determining an appropriate fine in this case. The base fine for an organizational defendant for this crime is $1,200,000.  Pursuant to Sections 8C2.6 and 8C2.7, the maximum fine is $2,400,000.  In determining the fine within the range, the Court shall consider the factors set forth in United States Sentencing Guidelines Section 8C2.8.  The fine may not, however, exceed the statutory maximum of $500,000.

B.   **Probation**

The parties agree that an appropriate disposition of the case consists of a period of probation for a term of two (2) years pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2.  The terms of probation shall include a condition that CMAI Industries, Inc. (d.b.a. CMAI North America) shall commit no further violations of federal, state, or local law.

C.   **Special Assessment**

Defendant will pay a special assessment of **$400** and must provide the government with a receipt for the payment before sentence is imposed.

### D.      Restitution

Restitution is not applicable to this case.

### 4.      OTHER CHARGES

If the Court accepts this agreement, the government agrees not to bring any other charges against the defendant and further agrees to dismiss all charges against its representative, Shiuh-Lung Chiang.

### 5.      EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw its guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3.  This is the only reason for which defendant may withdraw from this agreement.  The Court shall advise defendant that if it does not withdraw its guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

### 6.      WAIVER OF APPEAL

Defendant CMAI Industries, Inc. (d.b.a. CMAI North America) waives any right it may have to appeal its conviction.  If the sentence imposed does not

exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right it may have to appeal its sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

7.   **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw its guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement including the charges dismissed against defendant's representative Shiuh-Lung Chiang. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing it to withdraw its guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives its right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**8.    PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**9.    CORPORATE AUTHORIZATION**

CMAI Industries, Inc. (d.b.a. CMAI North America) represents that it is authorized to enter into this agreement.   On or before the date of entry and filing of the plea agreement, CMAI Industries, Inc. (d.b.a. CMAI North America) shall provide to the government and the Court a statement under corporate seal, certifying that CMAI Industries, Inc. (d.b.a. CMAI North America) is authorized to enter into and comply with all of the provisions of this plea agreement.

**10.    SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

- 7 -

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 10.   ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **4:00 P.M. on 10/31/2011**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney


ROSS MACKENZIE
ASSISTANT UNITED STATES ATTORNEY
CHIEF, COMPLEX CRIMES UNIT

JENNIFER L. BLACKWELL
ASSISTANT UNITED STATES ATTORNEY


DATE: 10/18/2011

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

_____
CHRISTOPHER ANDREOFF
ATTORNEY FOR DEFENDANT

_____, President for
CMAI INDUSTRIES, LLC
DEFENDANT

DATE: October 31, 2011

- 9 -